WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara L Thompson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>　　　　　Defendant. | No. CV-16-00372-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's appeal of the Commissioner's denial of her application for social security disability benefits. The parties are familiar with Plaintiff's medical history; therefore, the Court will only discuss it below as necessary for the decision.

　　　　Plaintiff does not claim a particular error in the Administrative Law Judge's (ALJ) application of the five-step sequential evaluation to determine whether Plaintiff is entitled to benefits. *See Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987) (citing 20 C.F.R. §§ 404.1520(b)-(f)). Instead, Plaintiff claims four separate errors regarding how the ALJ reached her conclusions within the five-steps. The four claimed errors are: 1) the ALJ failed to give sufficient reasons for discrediting the treating physicians; 2) the ALJ failed to give sufficient reasons for discrediting Plaintiff's claimed symptoms; 3) the ALJ failed to give sufficient reasons for discrediting the lay witness testimony; and 4) the ALJ did not pose a complete hypothetical to the vocational expert. The Court will consider each of these claims of error in turn.

I.  **Physicians**

The ALJ must give "clear and convincing" reasons for rejecting the opinion of a treating if it is not contradicted.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ must give "specific and legitimate" reasons, supported by substantial evidence in the record, for rejecting the opinion of a treating physician when it is contradicted. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, Plaintiff argues the ALJ failed to give sufficient reasons to reject the opinions of her two treating physicians: Dr. Dearing and Dr. Syal.  (Doc. 14 at 18).  Plaintiff also argues that the ALJ failed to give sufficient reasons for rejecting portions of the opinion of examining physician, Dr. Darden.  (*Id*.).

Plaintiff never states whether she argues that the clear and convincing test verses the specific and legitimate test applies in this case.  (Doc. 14 at 12).  Defendant argues that because there is a conflict in the medical evidence, the specific and legitimate test applies.  (Doc. 15 at 4).  The Court agrees with Defendant and will determine whether the ALJ provided specific and legitimate reasons for rejecting the opinions at issue.

A.  **Dr. Dearing**

The ALJ gave the following reasons for rejecting the testimony of treating physician Dr. Dearing: 1) his opinions were not consistent with his own clinical and laboratory findings (Doc. 11-3 at 41); 2) his opinions were not consistent with the medical records (*id*.); 3) his opinions were based on Plaintiff's self-reported symptoms (*id*); 4) his limitations on Plaintiff's abilities were not based on objective evidence and he gave no explanation for how he arrived at the limitations (such as breaks every two hours) (*id*.); 5) his opinions on fibromyalgia and anxiety are outside his area of expertise; and, 6) any legal conclusions about the Plaintiff's ability to work are the exclusive purview of the ALJ (*id*.).

Plaintiff only argues that one of these six reasons is not a legitimate reason to discredit Dr. Dearing, namely that the diagnoses are outside his area of expertise.  As to the other five reasons, Plaintiff seems to concede that such reasons could be specific and

1 legitimate, but argues that the reasons are not supported by the record in this case.

### 1. Specific and Legitimate

#### a. Fifth Reason stated by ALJ

Turning first to the doctor's area of expertise, Plaintiff argues that the ALJ cannot discredit a treating physician for giving an opinion outside his area of expertise. (Doc. 14 at 14 (*citing Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995))). In *Lester*, the Court of Appeals stated that the treating physician was entitled to special weight, even for diagnoses outside his area of expertise, if the doctor was actually treating the condition. 81 F.3d at 833. The Court of Appeals also stated that the treating physician's opinion as to the impact of the combination of all of a plaintiff's limitations was also entitled to special weight. *Id*. Defendant counters and cites 20 C.F.R. § 404.1527(d)(5), which allows the ALJ to consider the doctor's specialty when determining what weight to give the opinion. (Doc. 15 at 7 n.2). Alternatively, Defendant argues that any error was harmless. (*Id.*).

In this area, it appears that what the regulations permit the ALJ to consider and what the Ninth Circuit Court of Appeals permits the ALJ to consider in determining the weight to give an opinion are not exactly aligned. In this case, it appears the ALJ did give a reason for discounting the weight to be given to the treating physician's opinion that was impermissible under *Lester*. Accordingly, this was error. However, because the ALJ gave five additional permissible reasons, this Court agrees with Defendant that this error was harmless. *See Stout v. Commissioner of Sec. Sec. Admin.*, 454 F3d 1050, 1054-56 (9th Cir. 2006).

### 2. Substantial Evidence of Record

Next the Court must determine whether the ALJ's five other reasons are supported by substantial evidence in the record. Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* In determining whether there is substantial evidence to support a

decision, this Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Id.* If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Additionally, the ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

### a. First Reason Stated by ALJ

First, Plaintiff acknowledges that one basis the ALJ gave for giving little weight to the opinion of Dr. Dearing was that the doctor's ultimate opinions on Plaintiff's limitations were inconsistent with his own treatment notes and inconsistent with his own laboratory findings. (Doc. 14 at 13). Other than saying that Dr. Dearing's opinions are consistent with the medical record (which would presumably include Dr. Dearing's own record), Plaintiff makes no specific argument addressing this reason given by the ALJ.

Conversely, Defendant points to multiple places in Dr. Dearing's treatment notes that support the ALJ's conclusion that Dr. Dearing's opinions are not supported by his clinical findings. For example, Dr. Dearing reported that Plaintiff had consistently normal physical exams during the relevant period. (Doc. 15 at 5 (*citing* Tr. 567, 57-68, 576, 582-83, 588, 600, 651, 656-57, 672, 694, 699)). Plaintiff denied having myalgias (muscle pain), arthralgias (joint pain), or muscle weakness. (Doc. 15 at 5 (*citing* Tr. 567, 770). Further, on the day Dr. Dearing completed the form on Plaintiff's residual functional capacity, Plaintiff's physical exam was normal, with Dr. Dearing finding that Plaintiff was oriented to person, place and tine, was well-developed and well-nourished, and had a normal range of motion and normal reflexes. (Doc. 15 at 5 (*citing* Tr. 588)). This evidence is substantial and supports the ALJ's first reason.

### b. Second Reason Stated by ALJ

Second, Plaintiff argues that the ALJ's reason for rejecting the opinions of Dr. Dearing because they are inconsistent with other medical records is incorrect.

- 4 -

Specifically, Plaintiff argues that Dr. Dearing's assessment of Plaintiff's mental limitations was consistent with Dr. Klink's opinion. (Doc. 14 at 14-15). Plaintiff further argues that Dr. Dearing's assessment of Plaintiff's physical limitations was consistent with the opinion of Dr. Bhalla. (Doc. 14 at 15). Finally, Plaintiff argued that Dr. Dearing's assessment of Plaintiff's physical limitations was consistent with her physical therapy and chiropractic treatment of back, foot and ankle pain. (Doc. 14 at 15).

Defendant responds and notes that Dr. Klink's opinions did not cause Plaintiff to be disabled, but instead allowed for simple, routine work with repetitive tasks; thus, Defendant concludes that Dr. Dearing's opinion being consistent with Dr. Klink's opinion does not lead to a disability finding. (Doc. 15 at 8). Further, Defendant notes that Plaintiff's symptoms (once having 14 tender points, and once having only 8 tender points), Plaintiff's denial of having muscle pain, and the limited clinical findings by any doctor on arthritis were all inconsistent with Dr. Dearing's diagnosis of fibromyalgia and inflammatory arthritis. (Doc. 15 at 6 (*citing* Tr. 39, 507, 433, 607, 567, and 38)).

All of the evidence cited by Defendant is substantial evidence to support the ALJ's decision. When there is conflict in the medical evidence, the ALJ must resolve the conflict; and here, there is substantial evidence to support the ALJ's conclusion that the evidence does not support Dr. Dearing's findings.

### c.   Third Reason Stated by ALJ

Defendant notes that the ALJ can reject treating physician's opinions that are not based on clinical findings, but instead based on Plaintiff's self-reported symptoms, if the ALJ properly discredited the Plaintiff's self-reported symptoms. (Doc. 15 at 6 (*citing Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014)). Plaintiff does not dispute this law. Instead, Plaintiff argues that the ALJ did not properly reject her symptoms. The Court will address these arguments below.

### d.   Fourth Reason Stated by ALJ

Next, Defendant argues that the ALJ properly failed to give weight to Dr. Dearing because his limitations were brief, conclusory and inadequately supported by clinical

findings. (Doc. 15 at 6 (*citing Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012))). Plaintiff argues that Dr. Dearing's limitations are consistent with other doctor's diagnoses. (Doc. 14 at 15). However, Plaintiff does not dispute the ALJ's statement that there is nothing in Dr. Dearing's clinical findings to support or show why Dr. Dearing concluded that Plaintiff: 1) needed unscheduled breaks every 2 hours; and 2) can only sit for 3 hours. (Doc. 11-3 at 41). Thus, this reason stated by the ALJ is supported by substantial evidence in the record.

### e. Sixth Reason Stated by ALJ

Finally, the ALJ rejected any "opinion" of Dr. Dearing that was a legal conclusion about Plaintiff's eligibility for social security disability benefits. The specific findings the ALJ rejected included that Plaintiff: 1) is "disabled"; 2) is "unable to work"; 3) "cannot perform a past job"; 4) "meets a Listing"; and is "unable to work full time." (Doc. 11-3 at 41). Plaintiff argues that Dr. Dearing's ultimate conclusion that someone with the limitations Dr. Dearing found in Plaintiff would not be able to sustain competitive employment is a medical conclusion. (Doc. 14 at 15). This Court disagrees. Whether Plaintiff can work is the ultimate question the ALJ must answer, not a medical condition a doctor can diagnose. Thus, the ALJ gave a proper reason for discounting this portion of Dr. Dearing's opinion.

### 3. Conclusion Regarding Dr. Dearing

Because the ALJ gave at least four specific and legitimate reasons supported by substantial evidence of record to not give controlling weight to the opinions and limitations of Dr. Dearing, the Court will not reverse the ALJ based on this claim of error.

## B. Dr. Syal

The ALJ gave the following reasons for not crediting the opinion of treating physician Dr. Syal: 1) the opinions are not consistent with the medical records (Doc. 11-3 at 49); 2) the opinions are not consistent with Dr. Syal's own clinical findings; 3) Dr. Syal's opinion on Plaintiff's limitations is not supported by objective evidence, and was

vague with no medical support; 4) Dr. Syal's limitations were internally inconsistent and inconsistent with other medical evidence; and 5) Dr. Syal's opinion on Plaintiff's mental limitation was outside his area of expertise.  Similar to the discussion of Dr. Dearing above, Plaintiff effectively argues that reasons 1-4 are not supported by the record, and that reason 5 is not a legitimate reason to discredit Dr. Syal's opinions.

### 1. Fifth Reason Stated by ALJ

For the same reasons stated above with respect to Dr. Dearing, the Court finds that in this Circuit, it is error for the ALJ to discredit a treating physician because he or she is rendering opinions outside his or her area of expertise.  However, because the ALJ gave four other reasons for discrediting Dr. Syal's opinion, this error was harmless.

### 2. First Reason Stated by ALJ

Plaintiff argues that the ALJ's statement that Dr. Syal's opinions and limitations are inconsistent with the other medical evidence is incorrect because Dr. Syal's opinions are consistent with the opinions of Drs. Klinck and Bhalla. (Doc. 14 at 16-17).  In her opinion, the ALJ specifically noted that she was relying on the opinions of Dr. Daughtery (Tr. 113-140); Dr. DKH (Tr. 143-174) and Dr. Darden (Tr. 438-434) and that they conflicted with Dr. Syal's opinions.  (Doc. 11-3 at 48).  As indicated above, it is the ALJ's job to resolve conflicts in the medical testimony.  Thus, Plaintiff's argument that because Dr. Syal is not inconsistent with two doctors of record means he is not inconsistent with any doctors of record is incorrect.  Accordingly, this reason stated by the ALJ is supported by substantial evidence of record.

### 3. Second Reason Stated by ALJ

Next, the ALJ discounted the opinions and limitations of Dr. Syal because they are not consistent with his own clinical findings.  Defendant notes that although Dr. Syal found limitations of sitting or standing for only 30 minutes at a time and walking only half a block (Doc. 15 at 8-9), Dr. Syal's examine notes stated that the physical exam was normal, motor exam was normal, strength was normal, deep tendon reflexes were 2+, plantar response was normal, sensory exam was normal, coordination was intact and gate

1    was normal (Doc. 15 at 9). Further, Plaintiff alleged she can sit longer than Dr. Syal
2    opined. (Doc. 15 at 9). And Dr. Syal believed Plaintiff was a malingerer. (Doc. 15 at 9).
3    Additionally, the ALJ noted that while Dr. Syal found many limitations on Plaintiff
4    (sitting 4 hours of an 8 hour day, lifting no more than 20 pounds, unscheduled breaks
5    every 2 hours for 5-10 minutes, and severe symptoms that would frequently interfere with
6    the attention and concentration required to perform simple repetitive tasks), Plaintiff was
7    nonetheless working 8 hours per day, 5 days a week at the time Dr. Syal made these
8    findings. (Doc. 11-3 at 49). All of these facts taken together are substantial evidence of
9    record to support the ALJ's reason for not crediting Dr. Syal, specifically because the
10   doctor's own notes are inconsistent with his diagnosed limitations.

### 4. Third Reason Stated by ALJ

The ALJ also did not credit Dr. Syal's opinion because it was vague and unsupported by objective evidence. Plaintiff argues that the side effects of Plaintiff's various medications could be an objective basis for Dr. Syal's limitations. (Doc. 14 at 16). However, for the reasons stated with respect to the ALJ's second reason for not giving greater weight to Dr. Syal, Dr. Syal's examination findings are inconsistent with the limitations. Therefore, the record supports the ALJ's finding that the objective evidence does not support the limitations and is vague as to how the doctor arrived at the limitations.

### 5. Fourth Reason Stated by ALJ

Next, the ALJ noted that Dr. Syal's findings were internally inconsistent. (Doc. 11-3 at 49). By way of example, Defendant notes that Dr. Syal opined that Plaintiff had no limitations in repetitive reaching, handling, or fingering, but concluded Plaintiff had limitations in the ability to do these tasks. (Doc. 15 at 9 (*citing* Tr. 728)). These internal inconsistencies are substantial evidence of record to support the ALJ's reason for not crediting the opinion of Dr. Syal.

### 6. Conclusion Regarding Dr. Syal

For the foregoing reasons, the ALJ gave specific and legitimate reasons supported

by substantial evidence of record to not give controlling weight to the opinions and limitations of Dr. Syal. The Court will not reverse the ALJ based on this claim of error.

### C. Dr. Darden

Plaintiff argues the ALJ erred in only crediting part and not all of examining physician, Dr. Darden's opinion. Defendant responds and notes that much of Dr. Darden's opinion is expressed as: Plaintiff "may" have certain limitations. Further, the ALJ found that, "… Dr. Darden's restrictions contain wording such as 'likely' and 'may experience' and 'may be vulnerable', which are vague and imprecise as to the claimant's true limitations." (Doc. 11-3 at 48). The ALJ did not err in not crediting limitations that were equivocal. *See Glosenger v. Social Sec. Admin.*, 2014 WL 1513995, *6 (April 16 2014); *Valentine v. Commissioner of Social Security Administration*, 574 F.3d 685, 691-92 (9th Cir. 2009). Accordingly, the Court will not reverse the ALJ based on this claim of error.

### D. Conclusion Regarding Physicians

The Court finds that the ALJ gave sufficient reasons for rejecting the opinions of the physicians recounted above. Accordingly, the Court will not reverse the decision of the ALJ based on Plaintiff's claims of error regarding the physicians' opinions.

## II. Plaintiff's Subjective Complaints

The parties agree that under the facts of this case, the ALJ could reject the Plaintiff's symptom testimony only if the ALJ gave clear and convincing reasons for rejecting the testimony. (Doc. 14 at 18-19; Doc. 15 at 11); *see generally Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). The ALJ gave 5 reasons for rejecting Plaintiff's symptom testimony, specifically: 1) the severity of her claimed symptoms were inconsistent with and not supported by the medical evidence; 2) the severity of her claimed symptoms were inconsistent with her daily activities; 3) her reports of her symptoms throughout the record were inconsistent and unpersuasive; 4) her testimony was inconsistent with her treatment history; and 5) her prior work history and reasons for being unemployed were inconsistent with her symptom testimony. In her opinion, the

ALJ gave expansive explanations for each of these reasons. (Doc. 11-3 at 44-47).

Plaintiff claims the ALJ erred in failing to fully credit Plaintiff's symptom testimony. First, Plaintiff takes issue with the ALJ's fourth reason (that Plaintiff's treatment history was inconsistent with her claimed symptoms) by advancing reasons for Plaintiff's treatment history which are not supported by the record. Specifically, Plaintiff hypothesizes that her failure to take her medication was perhaps because of poor memory, perhaps due to financial limitations, or perhaps due to poor judgment from her mental issues. (Doc. 14 at 20). However, Plaintiff cites nothing for these arguments and none of these arguments appear to have been presented to the ALJ.

Defendant responded to this argument, relying on *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th 2012), which held, "Although Molina provided reasons for resisting treatment, there was no medical evidence that Molina's resistance was attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaint." This Court agrees with Defendant that this case is analogous to *Molina*. Thus, the ALJ's reason for discrediting Plaintiff (that her treatment history is inconsistent with the severity of the symptoms she claims), is a clear and convincing reason which was not premised on any error.

Second, Plaintiff claims the ALJ's first reason (that Plaintiff's claimed symptoms were inconsistent with the medical record and not supported by the medical record) was error. Specifically, Plaintiff claims that a few periods of well-being do not mean that Plaintiff is not disabled and that Plaintiff's stable or improved symptoms do not mean she is not disabled. (Doc. 14 at 20).

While Plaintiff argues she has had only temporary recoveries from mental limitations, the record detailed by the ALJ is inconsistent with Plaintiff's arguments. The ALJ noted 11 examples in the medical records that supported the ALJ's finding that Plaintiff had either improved, was experiencing no symptoms, or that her mood was stable. (Doc. 11-3 at 45-46, citing Exhibits: B22F, p.51; 12F; B10F; B22F, pp.19-20;

1  B22F, p.26; B22F; B23F; B13F; B16F; B 18F; B16F, p.2).  Plaintiff's claimed symptoms
2  being inconsistent with or not supported by the medical records is a clear and convincing
3  reason to reject her symptoms testimony (*see Morgan v. Comm. Of Soc. Sec. Admin.*, 169
4  F.3d 595, 599-600 (9th Cir. 1999)), and is supported by the record in this case.

5        Third, Plaintiff claims the ALJ's second reason (that Plaintiff's daily activities are
6  inconsistent with the claimed severity of her symptoms) and fifth reason (that Plaintiff's
7  prior work history or reasons for leaving various jobs are inconsistent with the claimed
8  severity of her symptoms) are improper reasons for finding Plaintiff not credible. (Doc.
9  14 at 21).

10       Preliminarily, Plaintiff's daily activities can be considered in determining whether
11 her testimony regarding the severity of her symptoms is credible.  *See e.g., Morgan*, 169
12 F.3d at 600.  Additionally, Plaintiff's work history can also be considered in determining
13 whether her testimony about the severity of her symptoms is credible.  *See Thomas v.*
14 *Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Here, Plaintiff appears to impliedly be
15 arguing that after *Garrison*, 759 F.3d at 1016, daily activities can no longer be considered
16 negatively against Plaintiff in determining whether Plaintiff is credible because daily
17 activities at home are done in a different environment than a work environment.

18       In this case, Plaintiff talks on the phone, uses Facebook regularly, grocery shops,
19 uses the computer, cares for ducks, geese and chickens, uses email, babysits her two
20 toddler grandchildren, independently handles her personal care, cooks, does light
21 household chores (including laundry, washing dishes, vacuuming and mopping), drives,
22 managers her family finances, and independently uses public transportation.  (Doc. 11-3
23 at 44-45, 46). Plaintiff also takes walks and pulls weeds.  (*Id.* at 44).  Obviously some of
24 these activities are done in the home, and some are not.

25       Although *Garrison* noted that at home activities are done in a more flexible
26 environment, Plaintiff's activities in this case are quite robust, including managing
27 finances and caring for two small children.  In the second and third full paragraphs on
28 page 44 of the ALJ's opinion, the ALJ recited Plaintiff's testimony of severe mental and

physical limitations. The Court agrees that the limitations described by Plaintiff are inconsistent with the many daily activities in which Plaintiff engages. Thus, the Court finds this reason provided by the ALJ is a clear and convincing reason to not credit Plaintiff's symptom testimony.

Additionally, Plaintiff argues that her an inability to get along with others in a workplace environment and her doctor's suggestion that she responds inappropriately to supervisors should be considered part of her disability rather than a lack of motivation to work on Plaintiff's part. (Doc. 14 at 21-22). Nothing in the record suggests that Plaintiff's inability to get along with supervisors or other co-workers relates to her disability. (Doc. 11-3 at 45); *cf. Bayliss v. Barnhart*, 427 F.3d 1211, 1217 n.3 (9th Cir. 2005) (noting claimant's diagnosis with at least 5 mental disorders). Further, Plaintiff stated that she has failed to look for work for transportation reasons, not disability reasons. (*Id.*). Thus, this fifth reason given by the ALJ is clear and convincing and supported by substantial evidence of record.

Based on the foregoing, the ALJ has given five separate clear and convincing reasons for not crediting Plaintiff's subjective symptom testimony. Further, each reason was supported by substantial evidence of record. Therefore, this Court will not reverse the decision of the ALJ on this basis.

**III.    Lay Witness Testimony**

The ALJ may discount the testimony of lay witnesses only if the ALJ gives reasons for discounting the testimony that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). In this case, Plaintiff's husband and daughter each completed a questionnaire regarding Plaintiff's symptoms. (Doc. 14 at 23). Plaintiff's son also submitted a questionnaire regarding Plaintiff's seizures. (Doc. 11-3 at 49). The ALJ gave little weight to these questionnaires. (*Id.*). Specifically, the ALJ said the reports of symptoms in the questionnaires are inconsistent with the medical testimony. (*Id.*). Additionally, the ALJ found the questionnaires unpersuasive because they answers are conclusory and do not describe Plaintiff's symptoms. (*Id.*). Finally, the

ALJ further noted that Plaintiff's husband does not live with Plaintiff, but instead lives and works in North Dakota and, thus, Plaintiff's husband does not have the opportunity to observe her symptoms on a regular basis. (*Id*.).

On appeal, Plaintiff does not claim that the ALJ's reasons are not germane reasons as to each witness to discount their lay testimony. Instead, Plaintiff argues that each reason offered by the ALJ is factually inaccurate based on the record. (Doc. 14 at 23-24). First, Plaintiff states without citation "these witness statements do describe Plaintiff's symptoms and are quite detailed in explaining how Plaintiff's impairments limit her ability to perform work activity." Plaintiff offers no examples to support this assertion.

Based on the ALJ's citations, the Court has reviewed the questionnaires. (Tr. 360, 352-359, and 317-327). The Court agrees with the ALJ that while the lay witnesses answered all the questions, the answers are basically conclusory assertions, mostly referencing generalized anxiety. Therefore, the Court agrees with the ALJ that the witness statement do not provide adequate evidence to be helpful regarding a determination of disability.

Next, Plaintiff argues that the husband's questionnaire should not have been discounted because he visits for two weeks every 3 to 6 months. (Doc. 14 at 23). This Court agrees with the ALJ that the potential that the husband only sees Plaintiff 4 weeks out of a 52 week year is a germane reason to discount his reporting of her symptoms.

Finally, Plaintiff argues that the ALJ was factually incorrect to conclude that the lay witness statements were inconsistent with the medical evidence; specifically, Plaintiff claims the ALJ did not give particularized reasons for rejecting the lay witness's reports that Plaintiff has difficulty taking criticism from supervisors. (Doc. 14 at 23-14). Plaintiff did not cite to where in the lay witnesses' reports any lay witnesses reported that Plaintiff could not take criticism from a supervisor.[1] Further, the Court cannot hypothesize how Plaintiff's daughter or husband would be in a position to observe her

---

[1] The Court did note that Plaintiff's husband reported Plaintiff having told him about getting written up. However, Plaintiff's husband also reported that Plaintiff had never been fired or laid off because she could not get along with others. (Tr. at 324).

- 13 -

receiving criticism from a supervisor. Nonetheless, the Court has already addressed the ALJ's rejection of certain medical testimony, and acceptance of other testimony, and concluded the ALJ did not err in this regard. Thus, the ALJ's statement that the lay witness statements are not supported by the "greater objective medical evidence" is accurate based on the record as a whole and the ALJ's other findings. (Doc. 11-3 at 49).

Based on all of the foregoing, the Court finds the ALJ gave germane reasons for discounting each of the lay witness reports. Accordingly, the ALJ did not err in this regard.

### IV. Vocational Expert Hypothetical

Plaintiff also argued that the ALJ posed an incomplete hypothetical to the vocational expert that was not supported by the record. (Doc. 14 at 24). Specifically, Plaintiff states, "Here, in posing her hypothetical questions to the vocational expert, the ALJ omitted Plaintiff's credible allegations, those of the lay witnesses, and the limitations assessed by Plaintiff's treating and examining doctors as detailed above." (*Id.*) For all of the reasons stated above, this Court finds the ALJ did not err in not crediting these sources. Thus, the ALJ also did not err in not including these sources' limitations in the hypothetical posed to the vocational expert.

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the decision of the ALJ is affirmed and the Clerk of the Court shall enter judgment accordingly.[2]

Dated this 1st day of November, 2016.

James A. Teilborg
Senior United States District Judge

---

[2] To the extent a mandate is require, the judgment shall serve as the mandate in this case.

- 14 -